IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL P. ZOLLARS,**

    **Plaintiff,**

    **v.**

                          **Civil Action 2:14-cv-2331**
                           **Judge George C. Smith**
                           **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Daniel P. Zollars, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 12), the Commissioner's Memorandum in Opposition (ECF No. 17), Plaintiff's Reply (ECF No. 18) and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## I. BACKGROUND

Plaintiff filed his application for disability insurance benefits on June 22, 2011, alleging an onset date of September 15, 2009. Plaintiff's application was denied initially and upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge. Administrative Law Judge Yelanda Collins ("ALJ") held a hearing on May 13, 2013, at which Plaintiff, represented by counsel, appeared and testified. (R. at 31–65.) On May 31, 2013, the ALJ issued his decision, finding that Plaintiff was not disabled as contemplated under the Social Security Act. (R. at 19–27.) On September 14, 2014, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. Plaintiff then timely commenced the instant action.

In her Statement of Errors, Plaintiff advances three errors. Plaintiff first asserts that remand is required because the ALJ erroneously failed to assign weight to the opinion of his treating specialist. Plaintiff next asserts that the ALJ erred in her assessment of Plaintiff's credibility. In her third contention of error, Plaintiff maintains that the ALJ erred in relying upon the testimony of the vocational expert.

The Undersigned agrees that the ALJ's failure to assign weight to the opinion of Plaintiff's treating specialist requires reversal. This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. The Undersigned therefore limits her discussion to evidence bearing on Plaintiff's first contention of error.

### A. Relevant Medical Evidence

In 2004, Plaintiff suffered a crushing workplace injury to his right hand and wrist. From February 2005 through August 2007, Plaintiff underwent four surgeries, including a wrist fusion

surgery performed by orthopaedic surgeon John X. Biondi, M.D.  Dr. Biondi treated Plaintiff's hand and wrist injury from 2005 through 2010.  On January 8, 2007, Dr. Biondi indicated that Plaintiff could return to work, but had permanent restrictions of lifting no more than ten pounds and no twisting or torquing of his right hand.  (R. at 326, 329.)

On May 30, 2007, Branden Weisgarber Ph.D., CRNP, COHN-S, examined Plaintiff in connection with his application for a medical certificate for the Department of Transportation ("DOT").  (R. at 303.)  Dr. Weisgarber noted that examination revealed that Plaintiff "severely lacks strength of grasp and pinch in his [right] hand" and that he demonstrated "no flexion, extension, radial or ulnar deviation, nor rotation movements." (*Id*.)  He ultimately concluded that as a result of his injuries, Plaintiff did not medically qualify to drive a commercial motor vehicle under the DOT guidelines.  (*Id*.)

On October 15, 2008, and October 30, 2008, Dr. Biondi again stated that Plaintiff had a permanent work restriction of "10 pound weight lifting and no torquing [his right] wrist."  (R. at 266, 275, 285.)  On October 21, 2010, Dr. Biondi noted that Plaintiff had "no motion at the fusion side of his wrist."  (R. 263, 269.)

**B.     The ALJ's Decision**

At step one of the sequential evaluation,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 15, 2009. At step two, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus, status post carpal tunnel syndrome, and status post right wrist fracture. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can only push and pull frequently with bilateral foot controls; he can occasionally use hand controls with his right upper extremity; he can frequently reach, overhead and in all directions with the right; frequently handle and

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 416.920(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

4

>finger with his right hand; frequently climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds; avoid all exposure to unprotected heights or moving mechanical parts; and occasionally operate a motor vehicle; and he must avoid concentrated exposure to extreme cold.

(R. at 21). In formulating this RFC, the ALJ acknowledged Plaintiff's "crushing workplace injury to his right hand" and Plaintiff's four wrist surgeries, including the wrist fusion surgery. (R. at 24.) He also noted that Dr. Biondi had given Plaintiff permanent work restrictions of lifting no more than ten pounds and no torqueing with his right wrist. The ALJ also noted that two state-agency physicians had reviewed the record an concluded that the evidence was insufficient to assess the severity of Plaintiff's conditions. The ALJ found Plaintiff's allegations only partially credible and concluded that the RFC limitations she assessed were supported by the record evidence, including the medical opinions and treatment notes. (R. at 25.)

Relying on the VE's testimony, the ALJ concluded that Plaintiff is capable of performing jobs that exist in significant numbers in the state and national economy. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant

5

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. ANALYSIS

The Undersigned concludes that the ALJ's failure to provide good reasons for rejecting the opinion of Plaintiff's treating specialist, Dr. Biondi, requires reversal.

The ALJ must consider all medical opinions that he or she receives in evaluating a claimant's case. 20 C.F.R. § 416.927(c). The applicable regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms,

diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2).

The ALJ generally gives deference to the opinions of a treating source "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a patient's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical filings alone . . ." 20 C.F.R. § 416.927(c)(2); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 408 (6th Cir. 2009). If the treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record, [the ALJ] will give it controlling weight." 20 C.F.R. § 404.1527(c)(2).

If the ALJ does not afford controlling weight to a treating physician's opinion, the ALJ must meet certain procedural requirements. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Specifically, if an ALJ does not give a treating source's opinion controlling weight:

> [A]n ALJ must apply certain factors-namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source-in determining what weight to give the opinion.

*Id.* Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 416.927(c)(2). Accordingly, the ALJ's reasoning "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550

(6th Cir. 2010) (internal quotation omitted). The United States Court of Appeals for the Sixth Circuit has stressed the importance of the good-reason requirement:

> "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999). The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule. *See Halloran v. Barnhart*, 362 F.3d 28, 32–33 (2d Cir. 2004).

*Wilson*, 378 F.3d at 544–45.

Here, as set forth above, Dr. Biondi opined that Plaintiff was limited to lifting no more than ten pounds and also should have no twisting or torquing of his right wrist. Although the ALJ acknowledged Dr. Biondi's opinion, she failed to identify what weight she assigned to the opinion or to otherwise offer reasons why she did not include the limitations he opined into the RFC determination.

The Commissioner concedes that Dr. Biondi qualifies as a treating physician and further concedes that the ALJ erred in not articulating what weight she assigned to his opinion. The Commissioner contends, however, that the ALJ's error was harmless. The *Wilson* Court considered three possible scenarios that could lead the Court to a finding of harmless error. 378 F.3d at 547. First, the Court indicated that harmless error might occur "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it . . . ." *Id.* Second, the Court noted that if the ALJ's decision was "consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant." *Id.* Finally, *Wilson* considered the possibility of a scenario "where the Commissioner has met the goal of §

8

1527(d)(2)–the provision of the procedural safeguard of reasons–even though she has not complied with the terms of the regulation." *Id.* Since *Wilson*, the Sixth Circuit has continued to conduct a harmless error analysis in cases in which the claimant asserts that the ALJ failed to comply with the good-reason requirement. *See, e.g.*, *Nelson v. Comm'r of Soc. Sec.*, 195 F. A'ppx 462, 472 (6th Cir. 2006) (finding that even though the ALJ failed to meet the letter of the good-reason requirement the ALJ met the goal by indirectly attacking the consistency of the medical opinions); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 749 (6th Cir. 2007) (finding that the facts did not satisfy potential harmless error justifications).

  In the instant action, the Commissioner asserts that the ALJ's error was harmless because the ALJ's RFC determination was consistent with Dr. Biondi's work restrictions. Citing the regulations, the Commissioner asserts that the sedentary work level incorporated into the RFC accommodates Dr. Biondi's restriction of lifting no more than ten pounds at a time. The Commissioner further asserts that the RFC limitations the ALJ incorporated relating to Plaintiff's hand and arm—"he can occasionally use hand controls with his right upper extremity; he can frequently reach, overhead and in all directions with the right; frequently handle and finger with his right hand"—sufficiently accommodates Dr. Biondi's opinion that Plaintiff could do no torquing or twisting with his right wrist. (Comm'r's Mem. in Opp. 3, ECF No. 17 (citing R. at 22, 24–25, 263, 267, and 285).) In an effort to explain her position, the Commissioner points out that Dr. Biondi's treatment notes reflect that Plaintiff had full range of motion in his fingers after his last surgery and that "[h]e did not offer a specific opinion about how often Plaintiff could reach, handle, or finger . . . ." (*Id.*)

In his Reply, Plaintiff agrees that the sedentary work restriction accommodates Dr. Biondi's opinion that he cannot lift more than ten pounds. Plaintiff disagrees, however, with the Commissioner's assertion that the ALJ's fingering and reaching limitations accommodates Dr. Biondi's opinion that his right wrist cannot twist or torque. The Undersigned agrees with Plaintiff. The ability to move fingers and reach with an extremity is different than the ability to twist or torque at the wrist. Although it is possible that the work the VE identified could be performed without twisting or torquing of the wrist, the ALJ solicited no such testimony upon which she or this Court can rely to make such a conclusion. Thus, the Undersigned cannot conclude that the ALJ's error was harmless on the grounds that the RFC determination accommodated the limitations Dr. Biondi opined.

Because the other bases for finding harmless error do not apply, it is **RECOMMENDED** that Plaintiff's first contention of error be **SUSTAINED**.

## IV.   CONCLUSION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g). Accordingly, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## V.   PROCEDURE ON OBJECTIONS

If the parties seek review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: February 8, 2016                    /s/ *Elizabeth A. Preston Deavers*
                                                ELIZABETH A. PRESTON DEAVERS
                                                UNITED STATES MAGISTRATE JUDGE